**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**


Corey Cohen,                                        Case No.

    Plaintiff,

vs.

NCL (Bahamas) Ltd. d/b/a
Norwegian Cruise Line,

    Defendant,
_____/

## COMPLAINT

    Plaintiff, Corey Cohen( "Cohen"), sues the Defendant, NCL (Bahamas) Ltd. d/b/a Norwegian Cruise Line ( "NCL"), and alleges as follows:

### Preliminary Allegations

1.    This is an action for compensatory damages for bodily injury to the Plaintiff, Corey Cohen, arising from a maritime voyage departing from, and returning to, the Port of Miami, commencing on April 24, 2016, and returning on May 1, 2016.

2.    Plaintiff seeks damages in excess of $75,000, exclusive of interest and taxable costs.

3.    This action is brought in this Court pursuant to the venue clause in the Defendant's cruise ticket/passage contract, which stipulates that all actions against the Defendant must be brought in the United States District Court for the Southern District of Florida.

4.    This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1333, as the Plaintiff alleges a maritime tort against the Defendant.

5.     Plaintiff demands a trial by jury.

6.     All conditions precedent to the filing of this action have occurred or have been waived.

7.     The Defendant is the owner and operator of the vessel known as the Norwegian Getaway (the "Vessel"), and is otherwise defined as the "Carrier" pursuant to the definitions contained in the Defendant's cruise ticket/passage contract.  Thus, under the general maritime law, the Defendant is the proper party defendant to the Plaintiff's claims.  The Plaintiff purchased passage aboard the Vessel for purposes of travelling on a cruise departing from the Port of Miami and returning to the Port of Miami. On April 27, 2016, the Plaintiff was on deck 8 of the Vessel at the elevator near the Moderno Churrascaria.  The Plaintiff and slipped and fell on a puddle of water caused by a leaky air conditioning vent sustaining a knee injury for which he required surgery.

## Count I - Maritime Negligence

8.     The Plaintiff realleges paragraphs 1 through 7, *supra*, and incorporates them herein.

9.     The Defendant owed the Plaintiff the duty to exercise reasonable care under the circumstances as required by the general maritime law.  The Defendant knew or should have known that the condition described in paragraph 7 presented an unreasonable risk of injury and a dangerous hazard.   Alternatively, the Defendant was on actual notice of the dangerous and hazardous condition because the Defendant created the condition. Notwithstanding the duty owed to the Plaintiff, the Defendant breached its duty and was negligent, in one or more of the following ways:

a. Creating a hazardous and dangerous condition at the location on deck 8 by allowing an air conditioning vent to leak water creating a wet and slippery condition on the deck;

b. Creating a hazardous and dangerous condition at the location on deck 8 of the Vessel by failing to clean and dry the floor where a puddle had accumulated due to water leaking from an air conditioning vent;

c. Failing properly to inspect and maintain the air conditioning vents on the vessel to assure that there were no leaks or condensation creating puddles and hazardous conditions;

d. Failing to warn passengers aboard the Vessel of the presence of the puddle, which was not visible to persons walking through the area.

10.    As a direct and proximate result of the Defendant's negligence, the Plaintiff was injured and suffered damages, including, but not limited to, bodily injury and resulting pain and suffering; disability; disfigurement; mental anguish; loss of capacity for the enjoyment of life; expenses of medical care and related expenses; loss of earnings; and aggravation of pre-existing conditions, all of which are permanent and continuing in nature.  Plaintiff has suffered these damages in the past will continue to suffer them in the future.

Wherefore, the Plaintiff, Corey Cohen, demands judgment against the Defendant for all compensatory damages allowed by the general maritime law in an amount in excess of the minimum jurisdictional requirements of this court to be determined by a jury, pre-judgment interest, and taxable costs as allowed by law.   Plaintiff further demands a trial by jury.

Dated this 18th day of July, 2016.

Respectfully submitted,

/s/Domingo Rodriguez
Domingo C. Rodriguez, Esq. (F.B.N. 394645)
domingo@rlomiami.com
pleadings@rlomiami.com
**Rodriguez Law Office, LLC**
2121 Ponce de Leon Blvd., Suite 430
Miami, Florida 33134
Tel: (305)774-1477~Fax: (305)774-1075
*Counsel for Plaintiff*